## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SEAN JACKSON, | DOCKET NUMBER |
| Appellant, | DC-0752-17-0381-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | DATE: May 12, 2023 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sean Jackson, Fairfax Station, Virginia, pro se.

Robert C. Kusnir, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was removed from his Real Estate Analyst position based on four charges: (1) rude conduct (two specifications); (2) absence without leave (AWOL) (two specifications); (3) failure to follow instructions (six specifications); and (4) falsifying time and attendance records (WebTA) (three specifications). Initial Appeal File (IAF), Tab 7 at 53-57. The appellant filed an appeal in which he argued that the agency committed harmful error, denied him reasonable accommodation, and retaliated against him for prior equal employment opportunity (EEO) activity. IAF, Tabs 1, 10.

¶3 After the appellant withdrew his request for a hearing, the administrative judge issued a decision based on the written record. IAF, Tabs 18, 34. The administrative judge sustained the charge of rude conduct, finding that the agency proved both specifications. IAF, Tab 34, Initial Decision (ID) at 6-9. The administrative judge also sustained the AWOL charge, finding that the appellant was specifically put on notice over a year prior to the time period in question that he could not combine his reasonable accommodation of telework and agency telework to total 5 days a week. Rather, he was explicitly notified that he was

entitled to work at home only 3 days a week and he was required to work in the office on Tuesdays and Wednesdays. ID at 9-12. Similarly, the administrative judge sustained all six specifications and the charge of failure to follow instructions. ID at 12-15. Regarding the charge of falsifying the WebTA, the administrative judge sustained the charge, but only sustained one of the three specifications. ID at 15-18. The administrative judge then addressed the appellant's affirmative defenses of harmful error, denial of reasonable accommodation, and retaliation for his prior EEO activity, and found that the appellant failed to prove any of his affirmative defenses. ID at 18-23. Based on the sustained charges, the appellant's prior disciplinary record for similar offenses, and the deciding official's consideration of the appropriate *Douglas*[2] factors, the administrative judge affirmed the agency's decision to remove the appellant. ID at 23-25.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly sustained the AWOL charge and properly concluded that the appellant failed to establish disability discrimination.

¶5 On review, the appellant challenges the administrative judge's determination that the agency proved the AWOL charge.[3] Specifically, he contends that management was "not on one accord" regarding his reasonable accommodation provisions and that his managers' personal biases were not considered. PFR File, Tab 1 at 4. He also argues that his case is similar to *Equal*

---

[2] *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (providing a nonexhaustive list of factors relevant to determining the appropriateness of a penalty for misconduct).

[3] The appellant does not challenge the administrative judge's findings concerning his harmful procedural error or retaliation for EEO activity affirmative defenses, nor does he argue that the administrative judge erred in sustaining the rude conduct, failure to follow instructions, and falsifying WebTA charges.

*Employment Opportunity Commission v. Ford Motor Co.*, [782 F.3d 753](#) (6th Cir. 2015), which involved a request for telework. The appellant asserts that, even though the appellant in *Ford* lost her appeal because her job could not be completed from home, his entire job duties could be performed by teleworking. PFR File, Tab 1 at 4. The appellant also contends that the AWOL charge should not have been sustained because it results from a "miscommunication" about a reasonable accommodation issue that "never was cleared [up] in writing," as he requested. *Id.*

¶6          To prove that the appellant was AWOL, the agency must show that he was absent during the stated period and that the absence was unauthorized or that a request for leave was properly denied. *Robb v. Department of Defense*, [77 M.S.P.R. 130](#), 132-33 (1997). An AWOL charge may be sustained even when the agency fails to prove that the employee was AWOL for the entire period charged. *Senior v. U.S. Postal Service*, [85 M.S.P.R. 283](#), 289 (2000).

¶7          Here, the administrative judge found that the agency proved the AWOL charge by preponderant evidence. ID at 10-12. In making this finding, the administrative judge fully discussed the AWOL charge and the relevance of the appellant's reasonable accommodation as it relates to this charge and found that the appellant was put on explicit notice that he was entitled to telework only 3 days a week, and that he was required to work in the office on Tuesdays and Wednesdays. ID at 9-12. Further, the evidence shows, and the appellant does not deny, that he failed to report to work in the office 2 days a week, even though he was repeatedly notified by his supervisors that he was required to work in the office on Tuesdays and Wednesdays. IAF, Tab 7 at 66-73, 147, 204-05.

¶8          To the extent the appellant argues that the decision in *Ford* supports his claim that he is entitled to telework full-time because the agency had approved

his reasonable accommodation request to telework 3 days a week, we disagree.[4] *Ford* addresses an employer's requirement under the Americans with Disabilities Act (ADA) to make reasonable accommodations for an otherwise qualified individual with a disability. *See generally* [782 F.3d 753](). In deciding *Ford*, the U.S. Court of Appeals for the Sixth Circuit held that the general rule under the ADA is "that regularly attending work on-site is essential to most jobs, especially the interactive ones." *Id.* at 761-62. Here, it is undisputed that the agency provided the appellant with reasonable accommodation of teleworking 3 days a week and advised him that he was required to work in the office on the agency-required core days. There is no record evidence that the appellant ever sought additional reasonable accommodation with updated medical documentation. Hence, we find no support in *Ford* for the appellant's claim that the agency was required to accommodate his disability by allowing him to telework 5 days a week, or that he was entitled to combine his existing accommodation with eligibility under the agency's telework policy to telework full-time.

¶9      Therefore, even though the appellant disagrees with the administrative judge's findings and determinations concerning the AWOL charge and the agency's requirement that he work in the office 2 days a week, we have reviewed the record evidence and we find no support for the appellant's contention that he was improperly charged with AWOL or that the agency committed disability discrimination by failing to allow him to telework 5 days a week. Accordingly, we find no basis upon which to disturb the administrative judge's determination that the agency proved the AWOL charge by preponderant evidence.

---

[4] The agency does not dispute that the appellant had a disability entitling him to a reasonable accommodation.

<u>The appellant's disparate penalties claim does not provide a basis for reversing the initial decision.</u>

¶10    Finally, the appellant challenges the removal penalty on the ground that he was treated more harshly than other employees. PFR File, Tab 1 at 4. When analyzing disparate penalty claims, the relevant inquiry is whether the agency knowingly and unjustifiably treated similarly situated employees differently. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 14; *see Facer v. Department of the Air Force*, 836 F.2d 535, 539 (Fed. Cir. 1988) (providing that a person does not have a legally protected interest in the evenness of a misconduct penalty assessed on him compared to that assessed on others unless employees are knowingly treated differently "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service"). To establish disparate penalties among employees, the appellant must show that "the charges and the circumstances surrounding the charged behavior are substantially similar." *Miskill v. Social Security Administration*, 863 F.3d 1379, 1384 (Fed. Cir. 2017). The universe of potential comparators will vary from case to case, but should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant. *Singh*, 2022 MSPB 15, ¶ 13.

¶11    Here, the appellant's disparate penalties claim consists solely of his allegation that he "has seen employees fighting and other serious actions that have not resulted in removal." PFR File, Tab 1 at 4. This allegation is insufficient to show that the employees in question engaged in the same or similar conduct as the appellant or that the agency knowingly and unjustifiably treated those employees differently. Hence, the appellant's disparate penalties claim does not provide a basis for disturbing the administrative judge's finding that removal is a reasonable penalty in this case.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_/s/ for_

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.